UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Valentin Komarovskiy,<br><br>    Plaintiff,<br><br>      v.<br><br>Celsius Network LLC,<br>Alexander Mashinsky, and<br>Shlomi Leon,<br><br>    Defendants. | <u>Civil Action No.</u><br>23-40067-MRG |

**MEMORANDUM & ORDER ON DEFENDANT ALEXANDER MASHINSKY'S MOTION TO DISMISS [ECF No. 15]**

**GUZMAN, D.J.**

**I.    INTRODUCTION**

    Plaintiff Valentin Komarovskiy is a cryptocurrency depositor.  He has sued cryptocurrency company Celsius Network LLC ("Celsius"), Celsius' former CEO and co-founder Alexander Mashinsky, and its former COO and co-founder Shlomi "Daniel" Leon.[1]  In essence, Plaintiff claims that he was wrongfully deprived of access to the approximately $478,010.92[2] worth of various cryptocurrencies that he had deposited at Celsius.  Plaintiff's access allegedly froze when

---

[1] In both his motion to amend his original state court complaint and in his opposition to the motion to dismiss, Plaintiff acknowledged that this action is stayed as to Celsius because of Celsius' pending Chapter 11 bankruptcy proceedings in the Southern District of New York. [ECF No. 8-12]; [No. ECF 20, p.10].

[2] The total alleged market value of his deposits -- at least as of the date of the complaint.  In that connection, the Court notes that the operative complaint [ECF No. 2-1] was filed in state court on December 9, 2022.

Celsius instituted a "pause" on customer withdrawals on June 12, 2022. Plaintiff further claims that Mashinsky and Leon misrepresented Celsius' true financial condition during the period leading up to the pause. Plaintiff's claims against Mashinsky, specifically, include unjust enrichment (Count III), conversion (Count IV), tortious interference (Count V), and "fraud and misrepresentation" (Count VI).

Before the Court is Defendant Alexander Mashinsky's motion to dismiss [ECF No. 15]. Mashinsky moves to dismiss on three different grounds: first, that this Court does not have personal jurisdiction over him; second, that Plaintiff lacks standing to assert his claims; and third, that, in any case, Plaintiff has not stated a claim upon which relief can be granted.

For the reasons explained below, this Court will **GRANT** the motion to dismiss on the grounds that it does not have personal jurisdiction over Mashinsky. This dismissal is without prejudice. See, e.g., N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) ("dismissal for lack of personal jurisdiction is ordinarily without prejudice.") The Court need not and will not reach the other prongs of Mashinsky's motion. See, e.g., Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc., 310 F. Supp. 3d 295, 310 n.10 (D. Mass. 2018) (explaining that since the Court had determined that it lacked personal jurisdiction over the defendant-at-issue, it need not reach that defendant's other dismissal-related arguments).

## II.   JURISDICTIONAL FACTS

Mashinsky is a New York resident. [ECF No. 2-1, p. 4]. He has not consented to this Court's jurisdiction. [ECF No. 8-26, p. 1]. There is no evidence in the record that he owns any property in Massachusetts. Further, there is no evidence, nor has Plaintiff alleged, that Mashinsky was ever physically present in Massachusetts during any period relevant to this case.

With respect to the specific claims pending against Mashinsky, there is no evidence that Mashinsky's alleged act or acts of unjust enrichment, conversion, and/or tortious interference occurred within the Commonwealth of Massachusetts, specifically.

Concerning the "fraud and misrepresentation" claim, Plaintiff's complaint contains just one relevant factual allegation: "[w]hile they [i.e., Mashinsky and Leon] were making [allegedly personal] withdrawals, they continued to misrepresent the true condition of [Celsius] right up to the pause." [ECF No. 2-1, p. 6]. Strikingly, neither the complaint nor the Plaintiff's opposition to the motion to dismiss provide any basic particulars about what specific alleged misrepresentations are at issue.[3] Plaintiff did not submit any affidavits or other supplemental filings regarding the alleged misrepresentations. In fact, the only copy of any communication that the Court could find anywhere in the record was the aforementioned "pause" notification that Celsius issued on June 12, 2022. [ECF No. 8-3, pp. 77-79]. Notably, that communication contains no mention of Mashinsky and is signed, "*The Celsius team*." [ECF No. 8-3, p. 78].

Plaintiff has alleged that *Celsius* -- a New Jersey corporation with its principal place of business in New Jersey -- had Massachusetts-based customers (including himself) and that the company had some, undefined "operations" in Massachusetts. [ECF 20, p. 4]. However, as explained below, the question of whether this Court has personal jurisdiction over Celsius is a different inquiry and is not one that the Court will answer today.[4]

---

[3] While not deciding whether Plaintiff met the pleading standard on this count, the Court is mindful of the rule that "a claimant alleging fraud or mistake must provide *particulars as to the time, place and content* of the alleged false or fraudulent misrepresentation." See, e.g., Int'l Floor Crafts, Inc. v. Adams, 477 F. Supp. 2d 336, 341 (D. Mass. 2007) (emphasis added).

[4] On the topic of Celsius, the Court notes that in reviewing the "Terms of Use" that Plaintiff provided as governing the relationship between Plaintiff and Celsius, [ECF No. 2-1, p.5; 8-3], it discovered the presence of a provision that -- while not a factor in its analysis of Mashinsky's motion to dismiss -- is worth discussing with the remaining parties at the next status conference.

### III.     GENERAL LEGAL STANDARD

This Court cannot hear a case unless it has personal jurisdiction over the parties, which really means the "power to require [them] to obey its decrees." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008). When, as here, a district court rules on a motion to dismiss on personal jurisdiction grounds without an evidentiary hearing, the prima facie standard applies. U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

Under this standard, plaintiff "ultimately bears the burden of persuading the court" that personal jurisdiction exists. Negron-Torres v. Verizon Communs., Inc., 478 F.3d 19, 23 (1st Cir. 2007) (citation omitted). The inquiry is "whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Phillips

---

Specifically, the Terms of Use contain a provision entitled, entitled "Governing Law and Venue" which provides, in part, that the "relationship between [Plaintiff] and Celsius is governed exclusively by the laws of the state of New York…" and that, "any dispute arising out of, or related to, [Plaintiff's] Celsius Account or relationship with Celsius must be brought exclusively in the competent courts located in New York, NY and the US District Court located in the Borough of Manhattan…" [ECF No. 8-3, pp. 72]. The as-docketed Terms of Use document is partially cut off following this quoted language.

The remaining parties are advised that the Court intends to inquire about what effect, if any, this forum selection clause has on the Plaintiff's pending (yet stayed) case in this Court against Celsius. The Court further notes that these sorts of clauses are typically presumed prima facie valid. See, e.g., Silva v. Encyc. Britannica Inc, 239 F.3d 385, 386 (1st Cir. 2001) ("[t]he prevailing view towards contractual forum-selection clauses is that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.") (citation omitted).

Further, as Mashinsky correctly pointed out, an individual creditor must allege to have suffered a particularized harm to gain standing against a debtor's estate. [ECF No. 16, p. 15]; In re J.F.D. Enter., Inc., 223 B.R. 610, 621-22 (Bankr. D. Mass. 1998) (if a claim is general and not particularized, the trustee has exclusive standing and an individual creditor is bound by the outcome of the trustee's action). While the Court need not reach the standing issue today, the Court wishes to discuss this and other topics at the next status conference.

v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008) (citation omitted).  To meet this burden, plaintiffs cannot "rely solely on *conclusory averments* but must adduce evidence of *specific facts*."  Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020) (emphasis added and internal quotation marks and citation omitted).  Said differently, "[t]he plaintiff *must go beyond the pleadings* and make affirmative proof."  Negron-Torres, 478 F.3d at 23 (emphasis added and citation omitted); Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (explaining that plaintiffs may not "rely on unsupported allegations in their pleadings.")

As the Plaintiff rightly pointed out in his opposition brief, the Court may consider evidence such as an affidavit.  [ECF No. 20, p. 2].  It may also consider other supplemental filings.  Motus, LLC v. Cardata Consultants, Inc., 23 F.4th 115, 123 (1st Cir. 2023) (explaining that plaintiff "may rely on jurisdictional facts documented in supplemental filings (such as affidavits) contained in the record, and/or may point to undisputed facts.") (internal quotation marks and citation omitted).

Once in receipt of this alleged proof, the Court must then take as true whatever properly presented facts that the plaintiff offered, construe them in the light most favorable to the plaintiff, and also consider any uncontradicted facts that the defendant proffered.  Phillips, 530 F.3d at 26; Platten, 437 F.3d at 134 (citation omitted).

In diversity cases like this one, this Court cannot exercise personal jurisdiction over a non-consenting,[5] non-resident defendant unless the plaintiff meets the requirements of both the forum state's long-arm statute as well as the Due Process Clause of the Fourteenth Amendment.  C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citation

---

[5] It is well-settled that express or implied consent "can [] ground personal jurisdiction."  See, e.g., Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 138 (2023).

omitted). Courts must make a long-arm statute determination before proceeding to the constitutional question. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 290 (1980). Indeed, if the long-arm statute's requirements are not satisfied, courts need not -- and have been cautioned against -- rendering "unnecessary decisions of serious constitutional issues" in this context. See, e.g., SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 330 (Mass. 2017) ("[d]etermining first whether the long-arm statute's requirements are satisfied is consonant with the duty to avoid unnecessary decisions of serious constitutional issues…") (internal quotation marks and citation omitted).

### a. Massachusetts Long-Arm Statute

The Massachusetts long-arm statute provides eight grounds on which a court may exercise personal jurisdiction over nonresidents. MASS. GEN. LAWS ch. 223A, § 3. It is well-established that "jurisdiction over a corporate officer may not be based on jurisdiction over the corporation itself;" meaning that Court must have an "independent basis" for personal jurisdiction to lie relative to a corporate officer. Interface Grp.-Mass., LLC v. Rosen, 256 F. Supp. 2d 103, 105 (D. Mass. 2003) (emphasis omitted).

Here, Plaintiff argues that this Court has personal jurisdiction over Mashinsky under just one of those grounds, specifically Mass. Gen. Laws ch. 223A, § 3(c) ("Section 3(c)"). [ECF No. 20, p. 8-10].[6] Section 3(c) provides that a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the

---

[6] A subheading in Plaintiff's opposition brief [ECF No. 20, p. 8] suggests that this Court somehow has jurisdiction over Mashinsky under two additional grounds under Mass. Gen. Laws ch. 223A, § 3(c), but these potential other grounds were neither identified nor briefed and are therefore waived. See Doe v. Trs. of Bos. Coll., 892 F.3d 67, 83 n.7 (1st Cir. 2018) (arguments raised "in a perfunctory manner" are waived).

person's…causing tortious injury by an act or omission in this commonwealth…" MASS. GEN. LAWS ch. 223A, § 3(c).

As courts within this District have observed, "[S]ection 3(c) requires a well-pleaded allegation that a defendant did some act *in* the Commonwealth that caused the plaintiff harm." Noonan v. Winston Co., 902 F. Supp. 298, 306 (D. Mass. 1995) (emphasis in original). This section is "intended to apply *only* when the act [or omission] causing the injury *occurs within [Massachusetts]*." Hussain v. R. I. Hosp., No. 19-10513, 2019 U.S. Dist. LEXIS 138345, at *9-10 (D. Mass. June 12, 2019) (emphasis added and citation omitted).

With respect to the first three causes of action at issue here (i.e., unjust enrichment, conversion, and tortious interference), it is clear that the actual alleged tortious act(s) must have occurred within the forum state (here, Massachusetts) for personal jurisdiction to lie. See, e.g., Adams v. Gissell, No. 20-11366, 2021 U.S. Dist. LEXIS 126712, at *25-26 (D. Mass. May 24, 2021) ("federal courts have repeatedly recognized that the actual conversion must take place in the forum state for the court properly to exercise personal jurisdiction").

The jurisdictional analysis relative to Plaintiff's fraud and misrepresentation claim is more complex.  The First Circuit has explained that in the context of allegations related to false statements, "[w]here a defendant *knowingly* sends into a state a false statement, *intending* that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 664 (1st Cir. 1972) (emphasis added).  As other courts have observed, Murphy's premise seems to be that, all things being equal, personal jurisdiction under Section 3(c) is more likely to lie in claims involving alleged intentional acts than in claims involving alleged negligence. See, e.g., Margoles v. Johns, 483 F.2d 1212, 1219 (D.C. Cir. 1973) ("[t]he underlying premise of the [First

Circuit's] Murphy opinion seems to be that negligent and intentional acts should be treated differently when interpreting statutory jurisdictional language. The Murphy court apparently agrees that jurisdiction would not lie had the act with which the court was concerned been negligent"); Litchfield Fin. Corp. v. Buyers Source Real Estate Grp., 389 F. Supp. 2d 80, 85-86 (D. Mass. 2005) (collecting cases and discussing this distinction).

### III.  APPLICATION

Here, Plaintiff has not met his burden to show that this Court has personal jurisdiction over Mashinsky under Section 3(c).  Plaintiff has offered nothing except "conclusory averments" and has offered no "specific facts" tending to show that personal jurisdiction lies.  See, e.g., Chen, 956 F.3d at 54.

With respect to the unjust enrichment, conversion, and tortious interference counts, there is no evidence showing that these alleged torts "cause[ed] tortious injury by an act or omission in this commonwealth," specifically.  MASS. GEN. LAWS ch. 223A, § 3(c).  Instead, the Court was left entirely to wonder *where* these alleged torts might have occurred.  For example, to the extent that this fact would even bear on the Court's Mashinsky jurisdictional analysis, there are no facts in the record about the location or locations of Celsius' data centers where Plaintiff's cryptocurrency might be thought of as being "stored."  Simply stated, Plaintiff has failed to show the applicability of Section 3(c) to these causes of action since there are no facts before the Court that Mashinsky committed any of these alleged torts within Massachusetts specifically.  See, e.g., Roy v. FedEx Ground Package Sys., Inc., No. 3:17-cv-30116, 2018 U.S. Dist. LEXIS 85288, at *16 (D. Mass. May 22, 2018).

With respect to the "fraud and misrepresentation" count, the Court does not even know what the specific alleged misrepresentations at issue are -- and therefore has no evidence from which it

could conclude that Mashinsky knowingly sent them into Massachusetts intending that they should be relied upon there so as to injure Plaintiff such that personal jurisdiction would lie under Murphy.  See Murphy, 460 F.2d at 664.  Since none of the alleged messages from Mashinsky -- whether they were blast or individual e-mails and/or letters and/or audio messages -- have been placed into the record and because Plaintiff has provided no specifics about them, the Court has no information about their authorship, audience, and/or date and time of sending.  Plaintiff is correct that Murphy would generally bear on the jurisdictional analysis for his "fraud and misrepresentation" claim, but he has not supplied the Court with the basic, raw materials necessary to apply the Murphy analysis.[7]

Although he acknowledged that he had the option of doing so, Plaintiff did not submit any affidavits and/or supplemental filings providing the particulars of these alleged misrepresentations but instead attempts to "rely on unsupported allegations in [his] pleadings," which is not a sufficient means of proving personal jurisdiction in this Circuit.  See, e.g., Platten, 437 F.3d at 134.  Plaintiff essentially argues that personal jurisdiction lies against Mashinsky merely because he allegedly was at the helm of Celsius.  [ECF No. 20, p. 4].  That argument is unavailing since it is well-settled that plaintiffs need to show an "independent basis" for personal jurisdiction to lie against a corporate officer.  See, e.g., Interface Grp., 256 F. Supp. 2d at 105.

Since this Court concludes that Plaintiff has not met his burden of showing that personal jurisdiction exists over Mashinsky under the Massachusetts long-arm statute relative to any of

---

[7] The Court notes that just because Plaintiff has alleged "fraud and misrepresentation," it does not necessarily follow that a "tortious injury" has occurred for purposes of Section 3(c).  See Roberts v. Legendary Marine Sales, 447 Mass. 860, 864 (Mass. 2006) (concluding that a case involving a corporate defendant's alleged misrepresentations was, in fact, essentially a contractual case and that therefore, there was no personal jurisdiction under Section 3(c) of the Massachusetts long-arm statute since no "tortious injury" had actually occurred.)

his causes of action, the Court's analysis need not and will not go any further.  This Court declines to engage in an unnecessary constitutional analysis.  See, e.g., SCVNGR, 478 Mass. at 330 ("we cannot let the actions of private litigants force us to decide unnecessarily a serious question of constitutional law.") (internal quotation marks and citation omitted); Cashman v. IBM, No. 05-10306, 2005 U.S. Dist. LEXIS 29661, at *7 (D. Mass. Nov. 23, 2005) ("Plaintiffs failure to satisfy the Massachusetts long-arm statute renders unnecessary an analysis of personal jurisdiction under the Constitution.").

## IV.  CONCLUSION

For the foregoing reasons, Mashkinsky's motion to dismiss [ECF No. 15] is **GRANTED** without prejudice.

**SO ORDERED.**

Dated: March 31, 2024

/s/ Margaret R. Guzman

United States District Judge